UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITI RESIDENTIAL LENDING INC., a Delaware corporation; and DEUTSCHE BANK NATIONAL TRUST COMPANY, <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>JUAN BALTAZAR, <br><br>　　　　　　Defendant. | Case No. CV 08-05690 DDP (AGRx) <br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br>[Notice of Removal filed on August 29, 2008] |

　　The Court orders the Defendant to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff Citi Residential Lending Inc. and Deutsche Bank National Trust Company brought an unlawful detainer action against Defendant Juan Baltazar in California state court, alleging unlawful possession of real property in violation of § 1162 of the California Code of Civil Procedure. Defendant removed to federal district court on the basis of both federal question and diversity jurisdiction. A federal court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A federal court may

exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

It is not clear to the Court that there are claims "arising under" the Federal Constitution which appear on the face of a well plead complaint to satisfy the jurisdiction requirements of 28 U.S.C. § 1331.

It is not clear to the Court that the jurisdictional amount in controversy is satisfied. According to the Defendant, Plaintiffs have alleged an amount in controversy that exceeds the $75,000 threshold required for diversity jurisdiction. (Notice of Removal ¶ 18.) The information presented does not support how Plaintiffs claim exceeds $75,000.

Accordingly, the Court orders the parties to file cross briefs, not to exceed five pages, by October 27, 2008 to show cause why this action should not be dismissed for failure to satisfy the jurisdictional requirements of removal to federal court. The parties should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312. N. Spring Street, Los Angeles. The Court notes that the Defendant has the burden of establishing removal jurisdiction. If a party does not file a brief, the court will regard the party as not opposing remand of this matter. A hearing is scheduled on this matter for Monday, November 10, 2008, at 10:00 a.m.

IT IS SO ORDERED.

Dated: September 25, 2008

_____
DEAN D. PREGERSON
United States District Judge